Thank you, Your Honor. My name is Jeffrey Robb. I'm with Gibson, Robb & Lind, and I represent Allianz AGF MAT Ltd. Who is the insurer? The insurer is AGF MAT S.A. That's not who signs some of these contracts. Actually, that is true. My client signs these contracts on behalf of them. Well, where in the body of the contract does it say who the insurer is? All I'm doing is looking at signature lines. And there are a number of modifications to this contract. They have a rubber stamp on it, and it refers precisely to the named party defendant. Now, if that's not the insurer, what are we doing here? Well, the party that I represent is an English underwriting agent for the insurer. If you're an agent, you're not an insurer, right? That is correct, Your Honor. Well, where's the insurer? Is he a necessary party? The insurer actually had filed a parallel action. No. Is he a necessary party to this action? I do not know the answer to that question. If we give you judgment one way or another, it doesn't bind your principle, does it? Yes. On a collateral stop, it will affect it would. And that's why we're here. But if the original ruling was against an entity that wasn't a proper party, then nothing is binding on it because it wasn't the proper party to be bound. The we tried to bring this up with the district court, and the district court wouldn't listen to us, unfortunately. But as I read the law, there was an adverse collateral order on the motion to dismiss. You know, from time to time, the Ninth Circuit gets in a lot of trouble with the Supreme Court because we've got the wrong pig by the ear to begin with. And we're going to get straightened out in this case. Well, and I think that's appropriate, Your Honor. And if you look at the policy of insurance, you will see my client's name on that policy of insurance. It is issued by my client on behalf of the underwriters in England. You've issued the policy itself is a contract. Yes, it is. And I don't find a signature of a contracting party. Okay. Well, let me go back. It is bound as an insurer. I'm looking at the policy. It's around in the record around 65 and starts there about. Yes, Your Honor. That's where I'm going. Less than that, 62. 62 is Exhibit A. That's where it starts. And it goes all the way through to the. Well, if you start at the very beginning, you'll see some of the subsequent endorsements. They're stamped Allianz AG at Matt Limited. Yep. And which is my client. Right. You will see. And then what does it say? That's just an outright sign. Okay. That's all it says. That's who signed that piece of paper. Yes. Which is a modification of a contract. Yes. Okay. And then we don't get to the contract until we get to what? 60 policy schedule. 67. Is that the start of the contract? It says insured or assured broker. That would be that would be the beginning of the of the basic policy. The basic policy. Where does it say who the insured is now? Starting at page 67. You go to page 79. And there is no stamp there. You will see in the signature area below that. Are you there yet, Your Honor? This is page. I'm there. It says for AGF Matt Transport and Liability Division Limited on behalf of AGF Matt Paris. All right. Why is AGF Matt Paris a necessary party to this action? The allegations below against my client that was that my client was bound by this policy, even though the insurer AGF Matt Paris was not there. Those were the allegations that were made. I'm looking at the evidence of who is obligated as an insurer under this contract, and I believe it's the Paris organization. And I made that argument to the court below and ultimately succeeded. If that is true, is that not a necessary party to an interpretation of a clause that says we have to send this case to the High Court of Great Britain? Well, it would be a necessary. I would view it that way, yes, Your Honor. But my client was sued as the underwriter, and the argument was made that my client had an obligation under this policy. An underwriter is just somebody that figures out how much to charge somebody for certain assurances that an accident is not going to happen. The allegation that was made against my client and pursued against my client in the lower court was that it owed policy benefits under this policy. And ultimately, the district court decided you were not the proper party, right? Ultimately, the district court agreed with that. That's the same reason I suspect that Judge Bezos said, that it should have been the Paris group that should have been the defendant. Yes. That was one of our defenses. So the question really is, if you were not a proper party and the party that should have been there in order to have the contract construed wasn't there, how is this going to be collateral estoppel if it's a ruling where there was nobody there on the other side? Because my client is the agent of that party, and collateral estoppel could work two ways. First, against my client. What happens? We have a liability policy here. But there has to be some proper party there to defend the suit before you can have collateral estoppel, doesn't there? I mean, if the only party to the case was not a proper party and gets dismissed from the case, can there be a ruling in that case that binds that party? Could you be bound? I have big, very big concerns about that, yes, Your Honor, because as I looked at the ---- So you raised this to the district court, and what did the district court say? Yes. The district court said they did not want to reach that issue because we were not going to be the proper party. Okay. And that was at the summary judgment. Did you ask the district court to vacate the ruling? No, we have not asked the district court to vacate the ruling because the district ---- I believe that's discretionary. But at the time when you were dismissed because you weren't a proper party, there's nobody who's proper who ---- You could be ---- If you're not there in the first place because you shouldn't be there, it doesn't matter how many people in the world you're in privity with, if you're not really there under the law, if you're not recognized under the law to be there, you can't bind them. That would be ---- Visiting and binding on you. That would be great. And the part of the problem, though, is that before we ever got to that issue in this case, we had a determination by a district court on policy interpretations on a motion to dismiss. And that issue was, in fact, actually litigated. It was actually ---- But then it decided it didn't have a proper party before it. But isn't ---- But that ---- I don't understand the collateral estoppel rules. An improper person, that rule went against an improper person. Right? The ruling went against someone who shouldn't have been there. The ruling went against someone who, in my view, should not have been here. And ultimately, that's what the district court ---- And the district court's view shouldn't have been there. Yes. At the end of the day, that's what the court held. But that isn't ---- So once it decides that it doesn't have a proper party before it and that the only party that could litigate this is not ---- wasn't there when it was litigated, it wouldn't seem logical that that could bind anybody. That would be ---- that would be a fine result, because really the basic reason we're here is our concern that ---- Have you settled everything else? Well, the ---- not every ---- I mean, not everything. This issue is still in dispute. For instance, you know, this policy has a long tail on it. As long as any statute of limitations where cargo may flow, if we get sued again and they say, well, you know, we really think that my client, the underwriter, overstepped its bounds and was, in fact, obligated under this policy, and I raised this jurisdiction clause again, I don't want to hear, oh, no, we've already litigated that between these two parties. Wait a second. The current dispute, the settlement of this current ---- this case that's before us right now, not some future case, did it resolve all issues in that case? The settlement that I am talking about is actually a settlement that took place in England.  Here, out of this. Well, that's not the question. I know it took place in England. The question is, does it resolve all the issues between these two parties?  So there remains a dispute between these two parties as to whether or not that forum selection clause is applicable in Congress. Right. But that's what we're saying. If everything else is settled, then this is moot. What are you going to do in the right forum? Well, I think the authority indicates that if there is a potential for collateral estoppel based upon an order, even if ---- I mean, that's the same ---- the same reasoning happens in terms of the fact that the summary judgment was granted. The summary judgment was granted, the case was over, as to my client. But I'm ---- but my client is still sitting here with a collateral order that, unless this Court would hold otherwise, could, as a matter of collateral estoppel, bind it down the road. And it's sitting here with a ---- and so I do believe that remains an active dispute. I don't think ---- I think that we no longer have a case of controversy in front of us. And that our job would be to dismiss it because you've settled the case of controversy. Well, I have some authority on that point. Okay. Your argument is that even if the case is over, if it's moot in every way on the merits, that if there's a collateral ruling or if there's a ruling, subordinate ruling, during the case that would be given collateral estoppel, that you still have a right to appeal that ruling. That is correct, Your Honor. In fact, I have two arguments. One, I do not think it is moot. I look at the deposit guarantee case from the United States Supreme Court, 445 U.S. 326. There is also the Ninth Circuit case of environmental protection, which was cited in our brief, which that's a ---- those are standing issues in the first instance. And they talk about standing wherever there is a potential for collateral estoppel or whether there is a problem of future economic loss, which is facing our client in determining, is this a reliable decision? Do we have to amend all of our policies? The next ---- and if we get over that, then we do, I would say, my first argument is that it is not moot because I think we have an ongoing controversy between these parties about this particular provision and its effect. However, if we get to the point that we are ---- that it is moot, there are exceptions, and one is the collateral source injury exception that was enunciated in Supertire v. McCorkle, the Supreme Court decision in 416 U.S. 115. And that specifies that if the collateral ruling can have an impact on the future interactions that correspond to the party, then there is a sufficient interest for the appellate court to hear that issue. Do you have any authority? By authority, I mean cases. And I hope you're not going to tell me you haven't read cases. Your Honor, I've read as many as I can. I don't know if I've read all of them. No. No. Do you have cases on the question of whether a ruling issued in a case where the only party on one side is dismissed by the court as not a proper party and you don't have a proper party, if something that was litigated prior to that dismissal can be binding on anybody? Either way. I mean, I ---- That is an awfully specific factual pattern, Your Honor. I'm not sure I have read them. It's the one that we have. I understand that. I certainly have seen plenty of cases where for whatever reason the actual controversy, the main controversy between the parties becomes moot. No, that's a totally different issue. Okay. That one you already discussed, and I understand your position on that. Okay. And there are cases, as you say, that say that if there is a subordinate issue that's been resolved that could have an effect due to collateral estoppel, you can appeal from that, which was a surprise to me. But I did see those cases. But I can't find ---- I haven't found anything on the question of whether when you get a ruling that might be binding if it were a valid ruling, whether that would still be binding, even though the party that litigated that was not a proper party to the matter, the only proper party wasn't present, whether that decision could bind anybody. That may be tied up in the elements of collateral estoppel itself. And one of the things that collateral estoppel says is it's no longer a mutuality ---- mutuality is no longer required. It can be used offensively against any party that was present that actually litigated the matter and any privy to that party. Okay. Let me ask you a question. So that may answer the question. Let me ask it, Nate. Yes. So when you define party under that rule, does it have to be a proper party? That's a very good question, but I don't know the answer to it. I wish you had some law on that. I wish I did, too, Your Honor. Perhaps we should do some supplemental briefing on that, because that's certainly a preliminary question that's critical to this decision. Well, you see, the other thing that can happen, you can have a preliminary ruling of one kind or another, and the district court publishes it in the federal rules decisions, and there it is. Nobody knows anything else until I run a site here, and then they find dismissed six months later. Now, what's the collateral estoppel effect? I mean, you're not going to get that from an appellate court. You're going to get what you're getting here. Well, I understand that. And I do believe that we have a controversy here under the rules and the authority I've cited, and I do have concern that a collateral ruling such as that can have collateral estoppel effect. And if it does not, then I am quite satisfied, and my client would be quite satisfied, and we can argue it another day. I still don't understand why you didn't ask the district court to vacate the ruling. Because what had happened is the appeal actually was started. The original appeal, I think, came from the summary judgment denial, and we were at that point required to appeal as well. And there wasn't so there really was a full-blown controversy when the appeals were filed. And we actually had very detailed discussions with the Ninth Circuit mediator about this and how to approach this issue, because the the the with that going back, the law does not support anything but a voluntary vacater. If you say, oh, we're going to dismiss our appeal and go running back to the district court, the district court has no is not required to do that. And you can't you cannot dismiss your appeals. The Ninth Circuit has already said that it is wary of parties who end up trying to dismiss their appeals or enter certain types of settlements that manipulate the lower court. So they say that's completely discretionary. So our hands were not we're pretty much tied to get a resolution here. Kennedy. Well, we may still be able to figure out a way to give the district court that opportunity. I would appreciate it. I think that, you know, I think the parties did the right thing here. They tried to settle what they could. And they're trying to get this aspect of the ruling, which I think is clearly erroneous and could be very damaging to my client and their interests, as well as the people they represent. You have some you have some ripple effect with the state of California as to whether the insurer in this particular case is even doing business in California and had to put up a bond in connection. No, that's all irrelevant. The insurer I'm dealing with is listed on the California Secretary of State or the insurance department website. That's a red herring. So they're doing business in California and could be served in California? Aren't they currently being sued by the insurance? The insurance commission in California? That's a different company. I don't think so. No, I don't. I do not believe that's the case. I'm just wondering. I'm not representing them if they are. No, that whole issue is a red herring. Okay. But that's what I have on that issue. Well, why don't you save the rest of your time for rebuttal? All right. I will do that. May it please the Court. My name is David Willey. I represent the insured in this case. Do you represent the Paris or the insured? The insured. DHX, the California corporation. If you wish to declare this case moved, you can. There is very little way of getting around that. But the parties, when they settled this case, tried to settle it in such a way that the Court would have a continuing case or controversy, because Allianz itself very much wished for an opinion as to the validity of its insurance clause in this case. We recognize the mootness problem. We tried very hard, however, to craft a settlement that would work in such a way that the Court would have the particular issue in front of it, whether or not you can inadvertently waive your right to trial by jury in an insurance contract. Now, if you wish to declare it moot, you can. But that was exactly why we tried to craft a settlement so that there was not actually a dismissal of the case in chief. So you still have an actual case in controversy before you. The actual case, is that in London? They're both. There's one in London and one here. We have. Either one is dismissed. The case in London is dismissed. This case is not. But we had the classic conflict of jurisdictions here. We have an English clause which says there is only jurisdiction in England, and the English Court took jurisdiction because of that. And we have a clause that appears to be invalid under California law under California. We have an irreconcilable conflict of jurisdictions. And Allianz, which is in a worldwide business which uses form clauses, had this very serious concern. And it doesn't matter whether it's Allianz AGF, Matt Limited, Allianz AGF, Allianz France, Allianz Paris. There is this conglomerate that has a very real concern. Why didn't you name this Allianz Paris or whatever it is? Oh, you tried, and the district court said it was too late. Yes. Initially, I looked at the policy, and the policy is obscure. Part of the policy at the end says. I'm sorry. I thought it was. I remember. You did try to name them. Yes. Yes. And my argument is that they're in fact the way the policy is written. There are two underwriters on the case. The agent is itself a principle, because it did not disclose itself as an agent in certain respects. And I've set that out for the court's instruction in the other case, 55426, in my reply brief at pages 12 through 15, a very simple crib. That's the case that's sort of off the court, the record. But the court's clerk may wish to look at that as an easy crib as to why I believe there are two underwriters, why there is still continuing jurisdiction here. And it's Mr. Rob's concern that they may get caught up with that. The fundamental issue in this case, after we've got over the mootness question, is can one enforce this particular clause in light of the fact that it works an unintended way to the right of trial by jury by Mike Fyatt. I think the law is as favorable to Mike Fyatt as it can be. We have an extraordinarily elegantly written opinion in the district court below. Four pages. We've quoted it in full in our brief. It is as nice a piece of legal work as I could possibly write myself. It's in fact better than I've written. And I would ask the court to confirm that. It is very elegant, Your Honor. There is not a wasted word in the whole thing. It is a beautiful piece of work. The fundamental issue. I don't see much of that. Well, then, perhaps. The fundamental question is whether when in California the right of trial by jury is inviolate in the Federal system where it's to be preserved, whether a contract which sends a case to England both for trial and for the use of English law can be enforced when England no longer has a jury system. Now, we have our right of trial by jury because we don't trust English judges of all places. England is the one place where historically this country has said we don't like your judges. We want our jurors. It's fundamental to the Constitution of this country. I have no further comments. Do you have a view on whether if you have a ruling of this nature and then it turns out that when you litigated that ruling, there was no proper party before the court on the other side? I don't think there was a proper party before the court on the other side. Well, you have to assume there wasn't. There wasn't? That there was not. Right. Because the court dismissed them as not a proper party. My view is you have the right to vacate or, in fact, to moot if you believe there is no proper party. If there's no proper party, you think then it should be vacated? No, I think the appeal should be dismissed. I don't think – the rules as to vacation, I believe, are that you vacate when the other side has done something to – Well, the question is can this ruling bind anybody in the future if when it was litigated there was no proper party to litigate? Allianz would like it to bind itself. Allianz wishes the ruling to bind it. That's the best answer I can give you. Whoever Allianz is. Yes, whoever Allianz is, exactly. I think we're talking about the conglomerate, the vast multitude of Allianz. The party that's not joined. The party that wasn't joined? Yes, but we have either an agent that was not fully disclosed, therefore it is the party, or we have an agent for a principal who wishes the principal to be bound. All right. Well, we may be asking you to do more briefing on this question. Thank you, Your Honor. Thank you. Your Honor, all of my time was taken not talking about those other issues. I do want to just briefly address the merits, if I can. I'm not sure we're going to get there. I guess in the first instance, I would ask that the Court allow for – I'm happy to do more briefing, but allow for some procedure where we can get this order vacated and we do not have to face a collateral estoppel problem in the future. Because I'd like – the most important thing about this is that people understand and that there is notice to ourselves and the outside world about whether these types of provisions are enforceable, because they are in very regular use. And I have already had calls from other counsels saying, what's going to happen with this? Is this a case of first impression? Because it would seem if Allianz uses these provisions constantly all over the United States, that why would this be the first case? It's amazing to me. I think that the rules of Bremen are so clear that this just doesn't come up. I do think it's that clear error. It's not just Allianz. It's Lloyd's of London. It's a great number of insurers out of England. It's insured a lot of foreign insurers. And it goes beyond the insurance context. As Bremen says, choice of form and choice of law clause is an indispensable part of an international contract. And where I want to focus very quickly on the error of the Court is that it arises from the unfortunate construction of a footnote in the Mitsubishi case before the Supreme Court, where the Supreme Court says in dicta and in a footnote that if a choice of law and choice of form provision work in tandem to take away a statutory right, we would throw it out. That's a very broad statement. And that dicta made its way into the SkyReefer case, which Judge Anderson below relied upon as black-letter law, does the choice of law. In his elegant opinion? In his elegant opinion, he was quite efficient in his conclusion that that, basically, that dicta ties the hands of the district courts to find that whenever a statutory right has been thrown out, or that's the effect of the clause, we're not going to enforce it. That is a rather extreme limitation of the Supreme Court's ruling in Bremen. And I think this Court, in the Richards case, Richards v. Lloyds, questioned whether or not the Supreme Court really wanted to go that far, and has another eloquent discussion of the issue, indicating that the Supreme Court did not intend to limit its analysis in Bremen. One other argument I would really like to bring up. I'm not – this is not a waiver issue, in my view. This is an application. Can I just ask you this question practically? You would like to get rid of this ruling? Yes. Because you have all these policies. Yes. Maybe when you're through, I'll ask your opposing counsel. Does your opposing counsel have any – you have a general interest, because you have all of these contracts all over with this clause. Yes, we do. I wondered whether your opponent cares about preserving this ruling. I do not know whether my opponent cares about preserving the ruling. All I know is that we don't have the ability to agree to get a district court to change it. And I believe that's the Ninth Circuit law, because there were a lot of people abusing that. And so we're kind of tied here to get someone else to do it. All right. Thank you, counsel. Can I ask a follow-up question? I would love to win. No, no. Would you come forward a minute? That's it. I'm sure you'd love to win. But the case is over. All you're now litigating, if you are, is this question about whether that clause in their contract is valid or not. And I wondered whether that's a matter of general interest to you, that you want to fight to preserve, or whether you no longer really have any interest in it. I have no interest in it any longer. But the bar has. As Mr. Robb reports, he's been called by other lawyers. I've been called by other lawyers. It's the problem of putting the genie back in the bottle. The genie is out. There is a public opinion. It seems to me, and I'm not binding the Court in any sense of the word, but you're the people that negotiate the contract with the insured. I'm the insured. This is the person. I understand. But you are a party to a contract with an insured. Correct. You don't even name the insurer in the front of it. I mean, it doesn't even start out saying who the insurer is. It's in fact in violation of California law in that respect. Well, you know, if you're just doing fundamental contract law, it takes two parties. And all we're trying to find out is who are the parties. I think I picked one. I think there were two parties, insurers, to this contract. Allianz, France. That's not what the contract says. No, sir. If you read parts of the brief, parts of this contract were reissued by the Allianz AGF-PAC Limited. What I'm saying to you is if you want to adopt a standard contract, a uniform contract could very well be written that would obviate all the problems that this case creates. It could have been. But you can't write it because you're the customer. I'm the customer. That's why I want to know what they do in the future. Now, you can't. No, no. He's still a carrier. He still has to get into lawsuits. I'm the insurer. I'm not the accountant. I don't know. It's just something you really want to pursue whether under the Allianz, whatever it is, contract, where the cases must be tried. I mean, does your client have an interest in pursuing it? My client has very little interest. That's what I figured. The interest is Allianz, which has the. Okay. So as far as you're concerned. You can write your own thing. As far as you're concerned. As far as you're concerned, you have no objection to vacating the district court order. The court could. The court is then facing. No, no. I know the court could. But I'm asking you as one of the litigates. You do not object to that. I do not object to that. Thank you. Thank you. Case just arguably submitted. You're on tape. Both of you. Thank you. Yeah. Final case of the.
judges: Reinhardt, Beezer, Wardlaw